IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE No.: 20-00841 (ESL) |
| **EDWIN JAVIER ORTIZ DIAZ** | CHAPTER 13 |
| Debtor | |
| FIRSTBANK PUERTO RICO | (X) 11 U.S.C. §365, on *Executory contracts and Unexpired leases*; (X) 11 U.S.C. §1327(a), on *Insurance*; (X) 11 U.S.C. §1327(a) on *Effect of a confirmed plan* |
| Movant | |

**OBJECTION TO THE CONFIRMATION**

TO THE HONORABLE COURT:

COMES NOW, Movant FIRSTBANK PUERTO RICO, through its undersigned attorney and very respectfully states and prays:

**I. JURISDICTION**

1. This Honorable Court has jurisdiction over the instant matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, 11 U.S.C. §365 on *Executory Contracts and Unexpired Leases*, 11 U.S.C. §1326(a)(4), on *Insurance* and 11 U.S.C. §1327(a) on *Effects of a confirmed plan*.

**II. FACTS**

2. On December 12, 2018 Mr. Edwin Javier Ortiz Díaz executed a lease agreement with Movant regarding a 2018 Jeep Wrangler. Debtor was to make 66 consecutive payments of $667.00.

3. Debtor filed the instant petition for relief under the provisions of Chapter 13 of the Bankruptcy Code (11 U.S.C. §1301 *et seq.*) on February 20, 2020.

4. Movant filed unsecured proof of claim no. 4 at Claims' Register in the amount of $47,982.00 as owner of the 2018 Jeep Wrangler leased to Debtor. Account was current at the filing of the petition. <u>A residual payment of $13,298.00 will be due on June 15, 2024</u>.

5. <u>The actual insurance quote for the leased vehicle will reach its maturity on December 20, 2020</u>.

6. The proposed plan dated February 20, 2020 (docket no. 3) assumes the lease and pays unsecured creditors in pro-rata basis.

7. The proposed plan has two (2) main issues. **First**, it fails to provide *adequate assurance of future performance*. **Second**, plan also fails to provide insurance for the leased vehicle from December 20, 2020 until the account is *paid-off*.

8. Firstbank PR does not accept the plan as proposed, objects its confirmation requesting Debtor comply with *adequate assurance of future performance* by explaining how he will pay the residual amount of $13,298.00 due on June 15, 2024 and providing for renewal of the insurance quote from December 20, 2020 until claim no. 4 is *paid-off*.

In compliance with Local Bankruptcy Rule 9013-2 (a), Firstbank PR hereby submits its motion or response accompanied by a supporting memorandum that contains the points and authorities in support of its position, together with the pertinent affidavits and/or documents.

### III. DISCUSSION

- **LEASE AGREEMENT**

9. The assumption, assignment or rejection of an unexpired lease or executory contract must be done consistent with the provisions of 11 U.S.C. §§1322(b)(7) and §365. It has been held that the filing of a Chapter 13 petition by itself is not sufficient to accomplish the assumption, assignment or rejection of an executory contract because the petition *per se* does not satisfies 11 U.S.C. §365 requirement of obtaining Court's approval for the assumption or rejection of such contract.

10. The rejection of an executory contract or unexpired lease constitutes a default and liquidated damages provisions under the contract will be enforceable in bankruptcy. Damages upon rejection of a car lease include the repairs attributable to the debtor under the lease agreement. See Lundin, Keith; Chapter 13 Bankruptcy, Second Ed., Chapter 4 on Designing and Calculating Plans, subsection 4.91.

11. Under 11 U.S.C. §365(b)(1), if there has been a default in an executory contract or unexpired lease of the debtor, he or the trustee may not assume such contract or lease unless, at the time of assumption, the party-

> "(A) cures, or provides adequate assurance that the trustee will promptly cure, such default,... :
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default"; and

Objection to confirmation -4-
FIRSTBANK Puerto Rico

<u>(C) provides adequate assurance of future performance under such contract or lease.</u>"
(emphasis supplied)

12. The assumption of the lease agreement may be made through a motion or through the plan. In any event, Debtor as well as the trustee must establish how they intend to comply with the requirements of 11 U.S.C. §365(b)(1)(A), (B) and (C), regarding *promptly curing of the default* and *adequate assurance of future performance.*

13. The auto lease is assumed in the chapter 13 when the debtor wants to keep the car. <u>Assuming the lease means the debtor agrees to abide by the terms of the lease contract engaged prior to the filing of the petition.</u> The entire contract must be assumed or rejected. The terms of the lease cannot be changed as it relates to the regular monthly payments of weekly payments on the lease. Typically, the terms include the continuance of timely payments and maintaining auto insurance. <u>A debtor cannot partially assume a lease; the lease must be assumed in its entirety or not at all.</u> Therefore, a debtor cannot pick the favorable provisions, and reject the unfavorable provisions. The chapter 13 plan can give the debtors no greater rights in the vehicle than exist outside of bankruptcy. The court in, *In re Calloway*, case no. 10-50531, MDNC, Winston-Salem Division, J. Aron (Oct. 28, 2010), quoting *In re Olympia Holding Corp.*, 188 BR 287, 295 (M.D. Fla. 1994); *In re PSA, Inc.* 335 B.R. 580, 588 (Bankr. D. Del. 2005).; *In re Gull Air, Inc.* 890 F2nd 1255, 1261 (1rst Cir. 1989) Property rights are determined by State Law. Butner v United States, 440 U.S. 48, 55 (1979)

14. In the case of *In re Daugherty*, 102 B.R. 167 (Bktcy. E.D.Mo. 1989) the court lifted the stay in favor of the lessor. The Daugherty Court "announced its Findings and Conclusions from the bench" (quoting the court). There a chapter 13 debtor sought to assume a lease unexpired sublease agreement with lease of car. The court ruled that assumption of an unexpired lease requires an assurance that the Debtor or the trustee will promptly cure the default associated with the lease. (See, 11 U.S.C. §362 (b)(1)(A).) In Daugherty case, the default by means of chapter 13 trustee's distributions to Mr. Bajardi concurrently with distributions upon secured claims held by three other creditors. The default to Mr. Bajardi, therefore, would not be cured until more than one year after the commencement of the case. The Court concluded that this provision of the proposed plan does not promptly cure the default as required by section 365 (b)(1)(A).

15. Assumption of an unexpired lease requires an assurance that the Debtor or the trustee will promptly cure the default associated with the lease. See, USC §362(b)(1)(A). In the present case, the default by means of the chapter 13 trustee's distributions to Mr. Bajardi concurrently with distributions upon secured claims held by three other creditors. The default to Mr. Bajardi, therefore, would not be cured until more than one year after the commencement of the case. The Court concluded that this provision of the proposed plan does not promptly cure the default as required by section 365 (b)(1)(A). The Debtor's plan is not otherwise capable of being confirmed.

16. Learned treatises in chapter 13, interpreted that payments due at the petition under a lease, rental contract or other executory contract are ordinary prepetition claims in chapter 13 case but get <u>special treatment</u> through the plan. Thus, if a debtor assumes a lease or executory contract under 11 U.S.C. §365 and §1322 (b)(7), the pre-petition default must be cured "promptly" (or faster) consistent with the provisions of 11 U.S.C. §365 (b)(1). Keith M Lundin & William H Brown, <u>Chapter 13</u>, 4th Edition, §296.1, Sec Rev June 30, 2004.

17. The term "promptly", although not defined under 11 U.S.C. §365(b)(1)(A), has been interpreted to be shorter than *"in a reasonable time"* under 11 USC §1322(b)(5). See Lundin, Keith, <u>Chapter 13 Bankruptcy</u>, second edition, Vol. 1: §4.88. Although the Courts' practice may require curing the lease defaults at confirmation, in other jurisdictions Debtors are permitted several months after confirmation to cure the arrears. Nonetheless, it has been clearly interpreted that two (2) years is not "promptly" enough to cure defaults in an unexpired lease. See *In Re Yokley*, 99 BR 394 (Bkr. MD. Tenn. 1989), *In re Liggins*, 145 BR 227 (Bkr ED Va. 1992).

18. It seems unlikely that a period in excess of one year would be considered by this Court to be a prompt cure of a default under section 365 (b) (1) (A). More likely, the term "promptly" demands a more immediate payment than "a reasonable time". *General Motors Acceptance Corp v Lawrence*, 11 B.R.44, 45 (Bkcy N.D. Ga. 1981); See as well, *In the Matter of Gary DiCamillo*, 206 B.R. 64 (Bkcy D.N.J. 1997) Keith M Lundin, <u>Chapter 13 Bankruptcy</u>, §4.89 at 4-91(2nd Ed. 1994). Other courts rejecting longer terms are, *In re Flugel*, 1997 B.R. 92 (Bkcy S.D. Cal 1996) (propose cured over 10 years not prompt); *In re Embers 86th St., Inc.*, 184 B.R. 892 (Bkcy S.D.N.Y. 1995) (29 months); *In re Liggins*, 145 B.R. 227 (Bkcy E.D. Va. 1992) (48-60); *In re*

*Lloyd*, No 92-12508S, 1992 WL 167067 (Bkcy E.D. Pa. July 6, 1992) (3-5 years); *In re Yokley*, 99 B.R. 394 (Bkcy M.D. Tenn. 1989) (2 years).

- **LACK OF EVIDENCE OF INSURANCE QUOTE FOR THE COLLATERAL**

19. Clause nine (9) of the lease contract between Debtor and Firstbank <u>requires</u> Debtor to provide insurance quote for Firstbank's vehicle (201 Mercedes Benz GLK) until the account is *paid-off* and to provide appearing creditor with evidence of such quote. (Copy of the lease contract was included as supporting document to claim no. 1.)

20. In addition, section 1326 (a)(4) of the Bankruptcy Code (11 U.S.C.), added on 2005, provides that no later than 60 days from the filing of a case, a debtor who retains possession of personal property securing a claim attributable in whole or in part of the property, must provide secured creditor reasonable evidence of any required insurance coverage on the property and continue to do so for as long as the debtor retains possession of the property.

21. The maintenance of required insurance on vehicles is often a form of adequate protection. This provision seeks to shift the burden a creditor previously had of demanding proof of such adequate protection. (…) *See, Collier on Bankruptcy, 15th Ed., 1326.02 Mathew Bender (2007)*.

22. The purpose of obtaining insurance on the vehicle is to protect the insured in the event of damage or loss. "Essentially, any proceeds from such insurance serve as a substitute for the insured collateral." *In re Derickson*, 226 B.R. 879, 881-82 (Bankr.S.D.Ill 1998), citing *In re Feher*, 202 B.R. 966, 970-71, (Bankr.S.D.Ill 1996); *See* also *In re Stevens*, 130 F.3d 10271030 (11th Cir. 1997) insurance proceeds act as a substitute for the insurance collateral; *In re Suter*, 181 B.R. 116,120 (Bankr.N.D.Ala. 1994) ("[f]rom a secured creditor's perspective, property insurance is a substitute for the collateral insured")). Insurance proceeds that flow from destruction of creditor's security interest serve as a replacement of that collateral in a different form.

- **EFFECTS OF A CONFIRMED PLAN**

23. Section 1327(a) of the Bankruptcy Code (11 U.S.C. §1327(a)) states that: "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

24. A confirmed plan "acts as a binding contract and an order of the bankruptcy court." *In re Jenkins*, 428 B.R. 845 (B.A.P. 8th Cir. 2010). "Absent timely appeal, the confirmed plan is *res judicata* and its terms are not subject to collateral attack. The *res judicata* effect of confirmation may be eliminated only if confirmation is revoked or if the case is later dismissed or converted to another chapter. See Allan N. Resnick & Henry I. Sommer, 8 Collier *on Bankruptcy*, 1327.02[1] (16th ed. 2014)." *In re Galindez,* 514 B.R. 79, 89 (Bankr. DPR 2014).

25. <u>As well discussed in the case of *In re Galíndez*, supra, "after *Espinosa*, 'a creditor or other party in interest who chooses to sleep on its rights by not objecting to a plan does so at its own peril and as long as due process requirements are met, will be bound by it.' *In re McLemore*, 426 B.R. 728, 744 (Bankr. S.D. Ohio 2010) (citation omitted) (emphasis added)." *In re Monahan*, 497 B.R. at 651.</u>"

26. The most recent 1st Circuit BAP decision of *In re Diruzzo*, (BAP No. RI 14-049, 14-05), the Court adopted the *Galindez* approach supported by commentators Lundin and Brown, as to the binding effect of a confirmed chapter 13 plan.

> "In a recent decision, the U.S. Bankruptcy Court for the District of Puerto Rico examined the interplay between the claims allowance process and the binding effect of a chapter 13 plan in light of *Espinosa* and its progeny. (internal quotations omitted) The Jimenez Galindez court examined the three different approaches for handling inconsistencies between the claims allowance process and the binding effect of the plan developed through case law: (1) the "claims process over the plan confirmation process"; (2) the "chapter 13 plan process over the claims process"; and (3) the "middle-of-the-road approach." 514 B.R. at 93 (internal quotations and citation omitted). After an extensive discussion, the bankruptcy court determined that, in light of *Espinosa*, the various commentators, and the relevant sections of the Bankruptcy Code, the binding effect of the chapter 13 plan prevails over other considerations, with the exception of notice and due process. The court stated: "This court adopts the second approach, which emphasizes the binding effect of a confirmed plan provided that the due process requirements of reasonable and actual notice were satisfied. This view is aligned with the Espinosa decision, which supports the principle of finality of plan confirmation orders." Id. at 97 (citing *In re McGrahan*, 459 B.R. at 874-875; *In re Murphy*, 487 B.R. 86, 94 (Bankr. D.R.I. 2013); *In re Muñoz Marquez*, No. 10-03882, 2011 Bankr. LEXIS 3806 (Bankr. D.P.R. Sept. 28, 2011)).
>
> In adopting this approach, the Jimenez Galindez court noted that commentators Lundin and Brown, in their Chapter 13 Bankruptcy treatise, opined that Espinosa should not be read narrowly, that is, as being just a student loan discharge case – rather the Espinosa decision is:
>
>> ". . . a robust confirmation that the effect of confirmation under § 1327(a) really

means what the Code says: 'The provisions of a confirmed plan bind the debtor and each creditor . . . whether or not such creditor has objected to, has accepted, or has rejected the plan.' Although many circuit court decisions have gone astray in recent years, chipping away at the finality of confirmation orders in various contexts in chapter 13 cases—sometimes confusing statutory and procedural rights with constitutional due process—in Espinosa, the Supreme Court brings us back to reality." Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, § 229.1, at Sec. Rev. Oct. 8, 2010, www.Ch13online.com." *In re Diruzzo*, supra.

## IV. ALLEGATIONS

27. Movant filed unsecured proof of claim no. 4 at Claims' Register in the amount of $47,982.00 as owner of a 2018 Jeep Wrangler leased to Debtor. Account was current at the filing of the petition. <u>A residual payment of $13,298.00 will be due on June 15, 2024</u>.

28. The proposed plan dated February 20, 2020 (docket no. 3) assumes the lease and pays unsecured creditors in pro-rata basis.

29. <u>Although the actual insurance quote for the leased vehicle will reach its maturity on December 20, 2020, section 15(c) in Schedule "J" does not include an expense for the renewal of vehicle's insurance quote and the proposed plan (docket no. 3) fails to provide insurance for Movant's vehicle from December 20, 2020 until the account is *paid-off* and to provide evidence of such renewal to appearing creditor.</u> **In order to prove compliance with *adequate assurance of future performance* for the lease, Debtor must amend plan to provide that insurance quote for the leased vehicle will be renewed from December 20, 2020 until the account is *paid-off* and that evidence of such renewal be also provided to appearing creditor**.

30. <u>A residual payment of $13,298.00 will be due on June 15, 2024. Nevertheless, the proposed plan (docket no. 3) fails to establish how Debtor will pay said amount on June 15, 2024.</u> **Also in compliance with *adequate assurance of future performance* for the lease, Debtor must amend plan to establish how he will pay the amount due by June 15, 2024**.

31. In light of the above stated, Movant objects the confirmation of the proposed plan and requests it be denied.

WHEREFORE, is respectfully requested from this Honorable Court to grant this motion and deny the confirmation of the proposed plan.

Objection to confirmation -4-
FIRSTBANK Puerto Rico

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise. Rule 9013-1 (h).

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 4th day of May, 2020.

## CERTIFICATE OF SERVICE

I hereby certify that a copy was served by CM/ECF at the authorized address to all creditors; Alejandro Oliveras Rivera, Esq., Chapter 13 Trustee, Roberto Figueroa Carrasquillo, Esq., counsel for debtor, and to debtor by regular mail to the address of record: HC-04 Box 44952, Caguas, P.R. 00725, as per the attached *List of creditors*.

//s// Maricarmen Colón Díaz
**MARICARMEN COLON DIAZ**, Esq.
Attorney for Movant - USDC 211410
MARIA M. BENABE RIVERA– USDC 208906
P.O. Box 9146, Santurce, P.R. 00908-0146
Centro de Servicios al Consumidor (248)
1130 Muñoz Rivera Ave., San Juan, P.R.
Tel. (787) 729-8135 / Fax (787) 729-8276
maricarmen.colon@firstbankpr.com

```
Label Matrix for local noticing          BANCO POPULAR DE PUERTO RICO (BDS)      MERCEDES BENZ FINANCIAL SERVICES USA LLC
0104-3                                   BERMUDEZ, DIAZ & SANCHEZ LLP            C/O BK SERVICING, LLC
Case 20-00841-ESL13                      PO BOX 362708                           P.O. BOX 131265
District of Puerto Rico                  SAN JUAN, PR 00936-2708                 ROSEVILLE, MN 55113-0011
Old San Juan
Mon May  4 09:21:17 AST 2020

ORIENTAL BANK-AUTOS                      US Bankruptcy Court District of P.R.    ASOCIACION RESIDENTES MANSIONES
DE DIEGO LAW OFFICES, PSC                Jose V Toledo Fed Bldg & US Courthouse  DEL CARIBE INC
PO BOX 79552                             300 Recinto Sur Street, Room 109        PO BOX 4069
CAROLINA                                 San Juan, PR 00901-1964                 BAYAMON PR 00958-1069
CAROLINA, PR 00984-9552

ASUME                                    Asoc Residentes Mansiones del Caribe Inc   Autoridad Acueductos Y Alcantarillados
PO Box 11218                             175 Calle Aquamarina                       PO Box 70101
San Juan, PR   00910-2318                Humacao, PR 00791-5218                     San Juan, PR   00936-8101

Autoridad de Energia Electrica           BANCO POPULAR DE PUERTO RICO            BANCO POPULAR DE PUERTO RICO
PO Box 363508                            BANKRUPTCY DEPARTMENT                   BERMUDEZ DIAZ & SANCHEZ LLP
San Juan, PR   00936-3508                PO BOX 366818                           PO BOX 362708
                                         SAN JUAN PR 00936-6818                  SAN JUAN, PUERTO RICO 00936-2708

Banco Popular de Puerto Rico             Cap1/wmt                                Cbna
Mortgage Servicing Department            PO Box 30281                            PO Box 6497
PO Box 362708                            Salt Lake City, UT   84130-0281         Sioux Falls, SD   57117-6497
San Juan, PR   00936-2708

Cintron Flores Law Office                Citi                                    Citibank, N.A.
Lcdo Reinaldo Cintron Flores             PO Box 6190                             5800 S Corporate Pl
PO Box 4133                              Sioux Falls, SD   57117-6190            Sioux Falls, SD   57108-5027
Bayamon, PR   00958-1133

DTOP                                     Departamento de Hacienda                Empresas Berrios Inc
PO Box 41269 Minillas Station            Bankruptcy Section                      PO Box 674
San Juan, PR   00940-1269                235 Ave Arterial Hostos Ste 1504        Cidra, PR   00739-0674
                                         San Juan, PR   00918-1451

FIRST BANK                               First Premier Bank                      FirstBank/Leasing
CONSUMER SERVICE CENTER                  3820 N Louise Ave                       Departamentos de Autos
BANKRUPTCY DIVISION -(CODE 248)          Sioux Falls, SD   57107-0145            PO Box 11852
PO BOX 9146, SAN JUAN PR 00908-0146                                              San Juan, PR   00910-3852

Firstbank Puerto Rico                    (p)JEFFERSON CAPITAL SYSTEMS LLC        LVNV Funding, LLC
Departamentos de Autos                   PO BOX 7999                             Resurgent Capital Services
PO Box 11852                             SAINT CLOUD MN 56302-7999               PO Box 10587
San Juan, PR 00910-3852                                                          Greenville, SC 29603-0587

Lcdo Luis R. Vivas Ugartemendia          MERCEDES BENZ FINANCIAL SERVICES        MONEY EXPRESS
469 Cond Plaza Esmeralda Apt 132         C/O BK SERVICING, LLC                   CONSUMER SERVICE CENTER
Guaynabo, PR   00969-4282                PO BOX 131265                           BANKRUPTCY DIVISION (CODE 248)
                                         ROSEVILLE, MN   55113-0011              PO BOX 9146 SAN JUAN PR, 00908-0146
```

| | | |
|---|---|---|
| Mercedes Benz Financia<br>PO Box 961<br>Roanoke, TX  76262-0961 | Money Express<br>PO Box 9146<br>San Juan, PR  00908-0146 | ORIENTAL BANK<br>BANKRUPTCY DEPT<br>PO BOX 364745<br>SAN JUAN, PR 00936-4745 |
| ORIENTAL BANK<br>BANKRUPTCY DEPT<br>PO BOX 3664745<br>SAN JUAN, PR 00936-4745 | Oriental Bank-Autos<br>PO Box 79552<br>Carolina, PR 00984-9552 | PREPA - BANKRUPTCY OFFICE<br>PO BOX 364267<br>SAN JUAN PR 00936-4267 |
| PYOD, LLC<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602-9008 | Premier Bankcard, Llc<br>Jefferson Capital Systems LLC Assignee<br>Po Box 7999<br>Saint Cloud Mn 56302-7999 | Rivera Munich & Hernandez Law Offices PS<br>Lcda Lisa M. Aponte Valderas<br>PO Box 364908<br>San Juan, PR  00936-4908 |
| Rodriguez Fernandez Law Offices, P.S.C.<br>PO Box 71418<br>San Juan, PR  00936-8518 | ALEJANDRO OLIVERAS RIVERA<br>ALEJANDRO OLIVERAS CHAPTER 13 TRUS<br>PO BOX 9024062<br>SAN JUAN, PR 00902-4062 | EDWIN JAVIER ORTIZ DIAZ<br>HC 04 BOX 44952<br>CAGUAS, PR 00727-9670 |
| MONSITA LECAROZ ARRIBAS<br>OFFICE OF THE US TRUSTEE (UST)<br>OCHOA BUILDING<br>500 TANCA STREET  SUITE 301<br>SAN JUAN, PR 00901 | ROBERTO FIGUEROA CARRASQUILLO<br>PO BOX 186<br>CAGUAS, PR 00726-0186 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Jefferson Capital Systems LLC
PO Box 7999
Saint Cloud, MN  56302-7999

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Mercedes-Benz Financial Services USA LLC
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

End of Label Matrix
Mailable recipients    43
Bypassed recipients     1
Total                  44