IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE No.: 20-00841 (ESL) |
| **EDWIN JAVIER ORTIZ DIAZ** | CHAPTER 13 |
| Debtor | (X) 11 USC §1325(a)(6) on *feasibility*; |
| FIRSTBANK PUERTO RICO | (X) 11 USC §1325(b)(1)(A) on *sufficiency of funds* |
| Movant | |

**OBJECTION TO CONFIRMATION**

TO THE HONORABLE COURT:

COMES NOW, Movant FIRSTBANK PUERTO RICO, through its undersigned attorney and very respectfully states and preys:

**I. JURISDICTION**

1. This Honorable Court has jurisdiction over the instant case pursuant to 28 U.S.C. §1334 and venue is proper pursuant to 28 U.S.C. §§1408 and 1409, 11 U.S.C. §1325(a)(6) on *feasibility* and 11 U.S.C. §1325(b)(1)(A), on *sufficiency of funds*.

**II. FACTS**

2. Debtor filed the instant petition for relief under the provisions of Chapter 13 of the Bankruptcy Code (11 U.S.C. §1301 *et seq.*) on February 20, 2020.

3. Movant filed proof of claim no. 4 in the amount of $47,982.00 regarding a 2018 Jeep Wrangler leased to Debtor.

4. The plan dated June 4, 2020 (docket no. 26) assumes the lease and pays unsecured creditors in pro-rata basis.

5. According to trustee's unfavorable recommendation for confirmation (docket no. 28) and to Movant's analysis (included with this motion as Attachment "A"), the amended plan dated June 4, 2020 (docket no. 26) is insufficiently funded to comply with the scheduled distribution.

6. <u>Firstbank PR does not accept the plan as proposed and joins trustee's objection to confirmation on the grounds of feasibility and requests plan be amended to increase its base amount.</u>

In compliance with Local Bankruptcy Rule 9013-2 (a), Firstbank PR hereby submits its motion or response accompanied by a supporting memorandum that contains the points and authorities in support of its position, together with the pertinent affidavits and/or documents.

## III. DISCUSSION

7. Section 1325 (b)(1)(A) specifically provides that "[I]f the trustee or the holder of an allowed unsecured claim objects the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan-

> (A) The value of the property to be distributed under the plan on account of such claim is not less than the amount owed of such claim".

8. In addition, section 1325 of the Bankruptcy Code (11 U.S.C. §1325) sets forth the requirements for confirmation of a Chapter 13 plan. 11 U.S.C. §1325 (a) directly states that the court <u>shall</u> confirm a plan if:

> " (1) The plan complies with the provisions of this chapter and with the other applicable provisions of this title;
>
> (2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;
>
> (3) the plan has been proposed in good faith and not by any means forbidden by law;
>
> (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;
>
> (5) with respect to each allowed secured claim provided for by the plan—
>     (A) the holder of such claim has accepted the plan;
>     (B) ...
>
> (6) <u>the debtor will be able to make all payments under the plan and to comply with the plan</u>;
>
> (7) the action of the debtor in filing the petition was in good faith;
>
> (8) the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; and

(9) the debtor has filed all applicable Federal, State, and local tax returns as required by section 1308." (emphasis supplied)

9. The burden of proof regarding plan's compliance with section 1335 of the Bankruptcy Code relies on each Debtor. *In re Felberman*, 196 B.R. 678 (Bankr. S.D.N.Y. 1995); *In re Endicott*, 157 B.R. 255, 263 (W.D.Va. 1993).

10. Feasibility is a fact-bound concept. At its simplest, feasibility requires that the debtor's income exceed expenses by an amount sufficient to make the payments proposed under the plan. *Id.* When the debtors' budget will not support the proposed payments into the plan, the plan is not feasible, and confirmation must be refused. *Id.*

11. As broadly discussed by bankruptcy courts, *feasibility*, although an ample concept at its simplest, requires that the debtor's income exceeded expenses by an amount sufficient to make the payments proposed under the plan. Where the debtor's budget will not support the payments into the plan, the plan is not feasible and confirmation must be refused. *In re Belden*, 144 BR 1010 (Banker D. Minn. 1992).

12. The Bankruptcy Appellate Panel for the First Circuit broadly discussed the concept of *Feasibility* of a chapter 13 plan in the leading case of *In re Fantasia*, 211 B.R. 420 (B.A.P. 1st cir. 1997), determining as follows:

> "The standards for confirmation of a Chapter 13 plan are found in 11 U.S.C. §1325(a); subsection (6) addresses feasibility. **Feasibility is a factual determination and the bankruptcy court's decision will not be disturbed absent a firm conviction that clear error has been committed**. Fed.R.Bankr.P. 8013; 2 Keith M. Lundin, *Chapter 13 Bankruptcy* § 5.56 (2d ed. 1994); see 8 Lawrence P. King et al., *Collier on Bankruptcy*, 1325-07 (15th ed. 1997) ("**[b]y far the most important criterion for the confirmation of a chapter 13 plan in terms of promoting the success of chapter 13 proceedings is subsection 1325(a)(6)'s requirement that the court determine whether the chapter 13 debtor will be able to make all payments under the plan and comply with all other provisions**. . ."). (emphasis supplied).

13. Moreover, the Court also pointed out that "the bankruptcy court should be satisfied that the debtor has the present as well the future financial capacity to comply with the terms of the plan. *In re Crotty*, 11 B.R. 507, 511 (Bankr.N.D.Tex. 1981) (a definite declaration as to the source and amount of funds necessary to enable debtors to make payments under the plan is required)." *In re Fantasia*, supra.

14. The feasibility requirement originated in various provisions of the Bankruptcy Act of 1898, which required that the court find that the plan was "feasible." As the United States Supreme Court stated in 1936 in *Tennessee Pub. Co. v. American Nat. Bank*, (299 U.S. 18 (1936)), "[H]owever honest in its efforts the debtor may be, and however sincere its motives, the district court is not bound to clog its docket with visionary or impracticable schemes for resuscitation." A modern day incantation of this maxim was articulated by the Ninth Circuit Court of Appeals in *Matter of Pizza of Hawaii*, 761 F.2d 1374 (9th Cir. 1985).

15. If Debtors want to remain under the benefits of Chapter 13, <u>they must "be able to make all payments under the plan and to comply with the plan"</u>, as required by 11 U.S.C. §1325(a)(6). Feasibility, *Keith M. Lundin on* <u>Chapter 13 Bankruptcy</u>.

16. It is debtors' burden to proof that something more or different is going to happen after confirmation that will enable them *to fund* and/or comply with the schedule of payments as proposed.

17. Moreover, the Court also pointed out that "the bankruptcy court should be satisfied that the debtor has the present as well the future financial capacity to comply with the terms of the plan. *In re Crotty*, 11 B.R. 507, 511 (Bankr.N.D.Tex. 1981) (a definite declaration as to the source and amount of funds necessary to enable debtors to make payments under the plan is required)." *In re Fantasia*, supra.

**IV. ALLEGATIONS**

18. Movant filed proof of claim no. 4 in the amount of $47,982.00 regarding a 2018 Jeep Wrangler leased to Debtor.

19. The plan dated June 4, 2020 (docket no. 26) assumes the lease and pays unsecured creditors in pro-rata basis.

20. <u>According to trustee's recommendation (docket no. 28) and to Movant's analysis (Attachment "A") the amended plan (docket no. 26) is insufficiently funded to comply with the distribution</u>. Therefore it fails to comply with section 1325(b)(1)(A) of the Bankruptcy Code (11 U.S.C.) which states: *"the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim"*. **Movant requests Debtor to increase plan payments consistent with the figures included in *Attachment "A"*.**

21. In light of the above stated Movant joins trustee's objection and does not accept the

amended plan because it is not *feasible*.

**V. PRAY**

WHEREFORE, and for the above stated reasons, Movant objects the confirmation of the amended plan and requests it be denied.

**NOTICE**

Within fourteen (14) days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise, pursuant to Rule 9013-1 (c)(1).

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 24th day of June, 2020.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy was served by CM/ECF at the authorized address to all creditors; Alejandro Oliveras Rivera, Esq., Chapter 13 Trustee, Roberto Figueroa Carrasquillo, Esq., counsel for debtor and to debtor by regular mail to the address of record: HC-04 Box 44952, Caguas, P.R. 00725, as per the attached *List of creditors*.

//s// Maricarmen Colón Díaz
**MARICARMEN COLON DIAZ**, Esq.
Attorney for Movant - USDC 211410
MARIA M. BENABE RIVERA– USDC 208906
P.O. Box 9146, Santurce, P.R. 00908-0146
Centro Servicios al Consumidor (248)
1130 Muñoz Rivera Ave., San Juan, P.R.
Tel. (787) 729-8135 / Fax (787) 729-8276
maricarmen.colon@firstbankpr.com

# MATHEMATICAL ANALYSIS

June 24, 2020

*Attachment "A"*

**Case no.:**  20-00841  EDWIN JAVIER ORTIZ DIAZ  (ESL/AOR)

**Counsel:**  ROBERTO FIGUEROA CARRASQUILLO, Esq.

**Confirmation:**  continued *"sine die"*

**Referral:**  *SUFFICIENCY OF FUNDS* [11 U.S.C. §1325(b)(1)(A)]

Plan dated June 4, 2020 (docket no. 26) is insufficiently funded to comply with the scheduled distribution.

Proposed base: **$25,584.00**

| | | | | |
|---|---|---|---|---|
| Arrears: | BPPR Mtg. | POC no. 18 | $ | 8,208.24 |
| | Oriental Bank (auto) | POC no. 10 | $ | 2,425.08 |
| | Asoc. Residentes Mansiones del Caribe, Inc. | POC no. 10 | $ | 1,702.18 |
| Priority: | PR Treasury Dpt. | POC no. 19 | $ | 5,972.96 |
| | DSO | (as listed in Sch "E-F") | $ | 8,277.74 |
| Sub-total: | | | $ | **26,586.20** |
| Attorney's fees: | | | $ | 3,768.00 |
| Trustee's fees: | | | $ | 2,258.40 |
| TOTAL: | | | $ | **32,612.60** |

**With a $0.00 liquidation value of the estate, the amended plan (docket no. 26) is insufficiently funded to comply with the scheduled distribution.**

```
Label Matrix for local noticing        BANCO POPULAR DE PUERTO RICO (BDS)    MERCEDES BENZ FINANCIAL SERVICES USA LLC
0104-3                                 BERMUDEZ, DIAZ & SANCHEZ LLP          C/O BK SERVICING, LLC
Case 20-00841-ESL13                    PO BOX 362708                         P.O. BOX 131265
District of Puerto Rico                SAN JUAN, PR 00936-2708               ROSEVILLE, MN 55113-0011
Old San Juan
Mon May  4 09:21:17 AST 2020

ORIENTAL BANK-AUTOS                    US Bankruptcy Court District of P.R.  ASOCIACION RESIDENTES MANSIONES
DE DIEGO LAW OFFICES, PSC              Jose V Toledo Fed Bldg & US Courthouse DEL CARIBE INC
PO BOX 79552                           300 Recinto Sur Street, Room 109      PO BOX 4069
CAROLINA                               San Juan, PR 00901-1964               BAYAMON PR 00958-1069
CAROLINA, PR 00984-9552

ASUME                                  Asoc Residentes Mansiones del Caribe Inc  Autoridad Acueductos Y Alcantarillados
PO Box 11218                           175 Calle Aquamarina                  PO Box 70101
San Juan, PR  00910-2318               Humacao, PR 00791-5218                San Juan, PR  00936-8101


Autoridad de Energia Electrica         BANCO POPULAR DE PUERTO RICO          BANCO POPULAR DE PUERTO RICO
PO Box 363508                          BANKRUPTCY DEPARTMENT                 BERMUDEZ DIAZ & SANCHEZ LLP
San Juan, PR  00936-3508               PO BOX 366818                         PO BOX 362708
                                       SAN JUAN PR 00936-6818                SAN JUAN, PUERTO RICO 00936-2708


Banco Popular de Puerto Rico           Cap1/wmt                              Cbna
Mortgage Servicing Department          PO Box 30281                          PO Box 6497
PO Box 362708                          Salt Lake City, UT  84130-0281        Sioux Falls, SD  57117-6497
San Juan, PR  00936-2708


Cintron Flores Law Office              Citi                                  Citibank, N.A.
Lcdo Reinaldo Cintron Flores           PO Box 6190                           5800 S Corporate Pl
PO Box 4133                            Sioux Falls, SD  57117-6190           Sioux Falls, SD  57108-5027
Bayamon, PR  00958-1133


DTOP                                   Departamento de Hacienda              Empresas Berrios Inc
PO Box 41269 Minillas Station          Bankruptcy Section                    PO Box 674
San Juan, PR  00940-1269               235 Ave Arterial Hostos Ste 1504      Cidra, PR  00739-0674
                                       San Juan, PR  00918-1451


FIRST BANK                             First Premier Bank                    FirstBank/Leasing
CONSUMER SERVICE CENTER                3820 N Louise Ave                     Departamentos de Autos
BANKRUPTCY DIVISION -(CODE 248)        Sioux Falls, SD  57107-0145           PO Box 11852
PO BOX 9146, SAN JUAN PR 00908-0146                                          San Juan, PR  00910-3852


Firstbank Puerto Rico                  (p)JEFFERSON CAPITAL SYSTEMS LLC      LVNV Funding, LLC
Departamentos de Autos                 PO BOX 7999                           Resurgent Capital Services
PO Box 11852                           SAINT CLOUD MN 56302-7999             PO Box 10587
San Juan, PR 00910-3852                                                      Greenville, SC 29603-0587


Lcdo Luis R. Vivas Ugartemendia        MERCEDES BENZ FINANCIAL SERVICES      MONEY EXPRESS
469 Cond Plaza Esmeralda Apt 132       C/O BK SERVICING, LLC                 CONSUMER SERVICE CENTER
Guaynabo, PR  00969-4282               PO BOX 131265                         BANKRUPTCY DIVISION (CODE 248)
                                       ROSEVILLE, MN  55113-0011             PO BOX 9146 SAN JUAN PR, 00908-0146
```

| | | |
|---|---|---|
| Mercedes Benz Financia<br>PO Box 961<br>Roanoke, TX 76262-0961 | Money Express<br>PO Box 9146<br>San Juan, PR 00908-0146 | ORIENTAL BANK<br>BANKRUPTCY DEPT<br>PO BOX 364745<br>SAN JUAN, PR 00936-4745 |
| ORIENTAL BANK<br>BANKRUPTCY DEPT<br>PO BOX 3664745<br>SAN JUAN, PR 00936-4745 | Oriental Bank-Autos<br>PO Box 79552<br>Carolina, PR 00984-9552 | PREPA - BANKRUPTCY OFFICE<br>PO BOX 364267<br>SAN JUAN PR 00936-4267 |
| PYOD, LLC<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602-9008 | Premier Bankcard, Llc<br>Jefferson Capital Systems LLC Assignee<br>Po Box 7999<br>Saint Cloud Mn 56302-7999 | Rivera Munich & Hernandez Law Offices PS<br>Lcda Lisa M. Aponte Valderas<br>PO Box 364908<br>San Juan, PR 00936-4908 |
| Rodriguez Fernandez Law Offices, P.S.C.<br>PO Box 71418<br>San Juan, PR 00936-8518 | ALEJANDRO OLIVERAS RIVERA<br>ALEJANDRO OLIVERAS CHAPTER 13 TRUS<br>PO BOX 9024062<br>SAN JUAN, PR 00902-4062 | EDWIN JAVIER ORTIZ DIAZ<br>HC 04 BOX 44952<br>CAGUAS, PR 00727-9670 |
| MONSITA LECAROZ ARRIBAS<br>OFFICE OF THE US TRUSTEE (UST)<br>OCHOA BUILDING<br>500 TANCA STREET SUITE 301<br>SAN JUAN, PR 00901 | ROBERTO FIGUEROA CARRASQUILLO<br>PO BOX 186<br>CAGUAS, PR 00726-0186 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Jefferson Capital Systems LLC
PO Box 7999
Saint Cloud, MN 56302-7999

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)Mercedes-Benz Financial Services USA LLC<br>c/o BK Servicing, LLC<br>PO Box 131265<br>Roseville, MN 55113-0011 | End of Label Matrix<br>Mailable recipients 43<br>Bypassed recipients 1<br>Total 44 |